UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

HAROLD L. SCHWARTZ,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.

_____/

## COMPLAINT AND REQUEST FOR ADVISORY JURY

Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, HAROLD L. SCHWARTZ, is a citizen and resident of the State of Florida.

2. Defendant, ROYAL CARIBBEAN CRUISES, LTD. (hereinafter "RCCL"), is a foreign entity incorporated in the Republic of Liberia, with its principal place of business in Miami, Florida.

3. This matter falls under the admiralty and maritime jurisdiction of this Court.

4. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because RCCL unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division*, as opposed to any other place in the world.

    a. Plaintiff requests an advisory jury trial pursuant to the remedies saved under the Saving to Suitors Clause of 28 U.S.C. §1333. See Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 454-55 (2001) ("Trial by jury is an obvious… example of the

- 1 -

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

remedies available to suitors."); see also *Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1063 (11th Cir. 1996).

5. Defendant, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

   f. The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

6. The Defendant, RCCL, is subject to the jurisdiction of the Courts of this state.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States and the laws of the state of Florida.

8. Defendant, RCCL, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Oasis of the Seas*.

9. At all times material hereto, Defendant, RCCL, owned, operated, managed, maintained, controlled, and/or had exclusive custody of the *Oasis of the Seas* ("the vessel").

10. At all times material, Plaintiff was a paying passenger and lawfully aboard on the vessel, which was in navigable waters.

11. FIRST INCIDENT: On September 30, 2018, while aboard the vessel, the Plaintiff participated in a zip line activity on Deck 15 and sustained injuries when his legs collided with the landing platform area.  The Defendant, RCCL, instructed the Plaintiff to utilize the subject landing area including its blocks for landing.

12. Following the September 30, 2018 incident, while aboard the vessel, the Plaintiff was taken to the ship's medical center in a wheelchair.

13. SECOND INCIDENT: On October 3, 2018, while aboard the vessel, the Plaintiff was walking in the Opal Theatre when he fell on a descending set of steps and sustained injuries to his body, including his right shoulder.

14. Plaintiff sustained injuries as a result of the September 30, 2018 incident aboard the vessel and underwent medical treatment including, but not limited to, a right leg surgery for the ruptured quad tendon repair wherein about thirty (30) surgical staples were utilized post-surgery.

15. Plaintiff sustained injuries as a result of the October 3, 2018 incident aboard the vessel and underwent medical treatment including, but not limited to, the rotator cuff injury Plaintiff sustained.  Plaintiff's October 3, 2018 incident exasperated the aforementioned injuries Plaintiff sustained on September 30, 2018 while aboard the vessel.

### COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT (FIRST INCIDENT ON SEPTEMBER 30, 2018)

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

16. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

17. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

18. On or about September 30, 2018, the Plaintiff was participating in a zip line ride aboard the Defendant's vessel, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

19. On or about September 30, 2018, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to warn passengers and the Plaintiff of the dangerous condition; and/or

   b. Failure to warn passengers and the Plaintiff of the dangerous zip line landing platform area; and/or

   c. Failure to warn passengers and the Plaintiff that participating in zip line activities could cause injury; and/or

   d. Failure to warn passengers and the Plaintiff of the dangers of landing in the subject area may cause injury; and/or

   e. Failure to warn passengers and the Plaintiff of the dangers of landing on or near the block(s) that may cause injury; and/or

   f. Failure to verbally and/or visually warn passengers and the Plaintiff before the subject zip line ride of the adequate and safe landing method(s) in order to avoid or prevent injury; and/or

   g. Failure to verbally and/or visually warn passengers and the Plaintiff during the subject zip line ride of the adequate and safe landing method(s) in order to avoid or prevent injury; and/or

   h. Failure to adequately identify the subject area(s) to be avoided on or near the landing platform so as to warn passengers and the Plaintiff of the dangerous condition and/or objects which may cause injury; and/or

   i. Failure to adequately identify the subject landing platform area(s) so as to warn passengers and the Plaintiff of the dangerous condition and/or objects which may cause injury; and/or

    j.    Failure to adequately identify the subject landing's safe area(s) so as to warn passengers and the Plaintiff of the dangerous condition and/or objects which may cause injury; and/or

    k.    Failure to demonstrate and/or illustrate the subject zip line ride takeoff and/or landing methods so as to warn passengers and the Plaintiff of the dangerous and unsafe subject landing platform area which may cause injury; and/or

    l.    Failure to place signs in the platform area(s) before commencement of zip lining so as to warn passengers and the Plaintiff of safe and adequate landing methods to avoid or prevent injury; and/or

    m.    Failure to place signs in the subject landing platform area(s) so as to warn passengers and the Plaintiff of safe and adequate landing methods to avoid or prevent injury; and/or

    n.    Failure to warn passengers and the Plaintiff of the subject zip line ride's dangers and risks involving a fast zip line ride which may cause injury; and/or

    o.    Failure to warn passengers and the Plaintiff of the subject zip line ride's dangers and risks regarding wind, weather, and swaying conditions on the vessel which may cause injury; and/or

    p.    Failure to warn passengers and the Plaintiff of the subject zip line ride's inadequate protective devices at the subject landing platform which may cause injury; and/or

    q.    Failure to warn passengers and the Plaintiff before the subject zip line ride of the dangers and risks of a speedy zip line ride which may cause injury; and/or

    r.    Failure to warn passengers and the Plaintiff of the anticipated and/or expected speed during the subject zip line ride which may cause injury; and/or

    s.    Failure to warn passengers and the Plaintiff before the subject zip line ride of the health, height, weight, or age restrictions, if any, considered unsafe for zip lining aboard the vessel; and/or

    t.    Failure to adequately instruct passengers and the Plaintiff of the proper and safe landing method(s) and/or technique(s) in the subject landing area so as to warn of the dangerous condition and/or objects which may cause injury.

20. The above acts and/or omissions caused and/or contributed to the Plaintiff being injured because Plaintiff would not have participated in the zip lining activity aboard the vessel had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff. Additionally, but for such acts and/or omissions Plaintiff would not

have suffered injuries to his body including, but not limited to, his right shoulder as a result of his fall in the Opal Theatre on or about October 3, 2018 which exasperated the injuries to his right leg.

21. At all times material hereto, the subject landing area including its surrounding objects was not adequately or safely identified in light of the expectation that the subject landing platform lacked adequate landing protective and/or padding devices, was unsafe; and was unreasonably dangerous.

22. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the subject block(s) and the landing platform area on Defendant's vessels and/or other vessels reported within the cruise industry. *See, e.g., Omasta v. Royal Caribbean Cruises, Ltd.*, Case No. 12-CV-21375-ZLOCH (S.D.F.L. 2012); *Trocchia v. Royal Caribbean Cruises, Ltd.*, Case No. 11-CV-21641-HUCK (S.D.F.L. 2011); *Hyman v. Royal Caribbean Cruises, Ltd.*, Case No. 12-CV-21560-UNGARO (S.D.F.L. 2012); and *Bennet v. Royal Caribbean Cruises, Ltd.*, Case No. 12-CV-20606-SEITZ (S.D.F.L. 2012), for zip line incidents occurring on the subject vessel, *Oasis of the Seas*.

23. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and lost earning capacity since Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

WHEREFORE, the Plaintiff, HAROLD L. SCHWARTZ, demands judgment against Defendant RCCL for damages, as well as post-judgment interest to the extent allowed by law, attorneys' fees and costs as may be allowed by law, and requests an advisory jury under Federal Rule of Civil Procedure 39, as well as any further relief as this Court deems just and appropriate.

**COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT (FIRST INCIDENT ON SEPTEMBER 30, 2018)**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

24. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

25. At all times material hereto, it was the duty of Defendant to maintain the zip line's subject block(s) and landing platform area on the vessel in a reasonably safe condition.

26. On or about September 30, 2018, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

   a. Failure to maintain the subject zip line riding activities in a reasonably safe manner for passengers like Plaintiff; and/or

   b. Failure to maintain adequate procedures for instructions given to passengers and Plaintiff participating in zip line riding activities to ensure zip line rides are conducted in a consistent and reasonably safe manner for passengers like Plaintiff

   c. Failure to adequately and regularly maintain the landing platform area; and/or

   d. Failure to maintain adequate speed during the zip line's riding activity for passengers and Plaintiff; and/or

e. Failure to adequately and regularly inspect the subject landing platform area(s) to determine whether the subject landing platform was unsafe for passengers; and/or

f. Failure to adequately and regularly inspect the subject landing platform area(s) to determine whether adequate markings, signs, and/or warnings were in place for passengers like Plaintiff.; and/or

g. Failure to adequately and regularly inspect the subject landing platform area(s) to determine whether adequate spacing allowed for safe landing for passengers like Plaintiff.; and/or

h. Failure to adequately and regularly test the subject landing platform area(s) to determine whether the subject landing platform was unsafe for passengers; and/or

i. Failure to adequately and regularly maintain the subject block(s) and landing platform area(s) to ensure adequate protective devices were in place for passengers like Plaintiff.; and/or

j. Failure to adequately and regularly maintain all object(s) on the landing platform area(s) to ensure protective devices were in place for passengers like Plaintiff to allow for safe landing.; and/or

k. Failure to adequately and regularly maintain sufficient amounts of protective devices and/or object(s) on the landing platform area(s) to ensure passengers like Plaintiff reach the landing platform in a reasonably safe manner; and/or

l. Failure to adequately and regularly maintain the subject landing platform area to determine whether of objects suffered wear and tear in light of the anticipated use by passengers like Plaintiff; and/or

m. Failure to adequately and regularly maintain the subject landing platform area to determine whether its objects were kept in reasonably safe condition for landing for passengers like Plaintiff; and/or

n. Failure to adequately and regularly maintain the subject block(s) and landing platform area(s) to ensure the objects used for landing were secured as the ship rolled and swayed while underway; and/or

o. Failure to adequately and regularly inspect the subject block(s) and landing platform area(s) to determine whether the objects used for landing shifted as the ship rolled and swayed while underway; and/or

p. Failure to adequately and regularly maintain the subject block(s) and landing platform area(s) to ensure the objects used for landing remained in place as the ship rolled and swayed while underway.

- 9 -

27. The above acts and/or omissions caused and/or contributed to the Plaintiff being injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject landing platform area including objects and block(s). Additionally, but for such acts and/or omissions Plaintiff would not have suffered injuries to his body including, but not limited to, his right shoulder as a result of his fall in the Opal Theatre on or about October 3, 2018 which exasperated the injuries to his right leg.

28. At all times material hereto, the subject landing platform area including objects and block(s)subject block(s) and/or landing platform area was not adequately inspected or maintained, and was unreasonably dangerous.

29. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the subject block(s) and/or landing platform area and/or through prior incidents involving passengers injured due to the unsafe subject block(s) and/or landing platform area on Defendant's vessels and/or other vessels reported within the cruise industry.  *See, e.g., Omasta v. Royal Caribbean Cruises, Ltd.*, Case No. 12-CV-21375-ZLOCH (S.D.F.L. 2012); *Trocchia v. Royal Caribbean Cruises, Ltd.*, Case No. 11-CV-21641-HUCK (S.D.F.L. 2011); *Hyman v. Royal Caribbean Cruises, Ltd.*, Case No. 12-CV-21560-UNGARO (S.D.F.L. 2012); and *Bennet v. Royal Caribbean Cruises, Ltd.*, Case No. 12-CV-20606-SEITZ (S.D.F.L. 2012), for zip line incidents occurring on the subject vessel, *Oasis of the Seas*.

30. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life,

disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and lost earning capacity since Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

WHEREFORE, the Plaintiff, HAROLD L. SCHWARTZ, demands judgment against Defendant RCCL for damages, as well as post-judgment interest to the extent allowed by law, attorneys' fees and costs as may be allowed by law, and requests an advisory jury under Federal Rule of Civil Procedure 39, as well as any further relief as this Court deems just and appropriate.

**COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT (FIRST INCIDENT ON SEPTEMBER 30, 2018)**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

31. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

32. On or about September 30, 2018, Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

   a. Failure to construct a reasonably safe landing platform area at the end of the zip line; and/or

   b. Construction of the zip line attraction in such a way that riders reach dangerous speeds, and/or;

c. Constructing the zip line attraction in such a way that no or adequate mechanisms exist for slowing down zip line riders as they approach the end of the ride, and/or

d. Failure to adequately train crewmember(s) at the end of the zip line to aid riders or slow them down as they approach the end of the zip line, and/or

e. Failure to adequately assign sufficient crewmember(s) per zip line ride in effort to avoid or prevent injury to passengers including Plaintiff, and/or

f. Failure to adequately instruct crewmember(s) regarding the safe manner and operation of the zip line attraction; and/or

g. Failure to supervise crewmember(s) while assigned to the zip line attraction

h. Failure to monitor instructions given to passengers like Plaintiff participating in the zip line ride(s); and/or

i. Failure to implement adequate padding on and/or near the subject landing platform area at the end of the zip line for safe landing by passengers including Plaintiff; and/or

j. Failure to provide floor mats on and near the subject landing platform area at the end of the zip line; and/or

k. Failure to implement the well-known standards of theme park attraction design and ergonomics in the construction, maintenance, and operation of the zip line attraction; and/or

l. Failure to utilize reasonably safe landing block(s) on the landing platform area(s) for passengers including Plaintiff; and/or

m. Failure to utilize a reasonably safe landing platform area(s) for passengers including Plaintiff; and/or

n. Failure to utilize reasonably safe items and/or protective devices on or near the subject landing platform area(s) in light of the anticipated use by passengers including Plaintiff; and/or

o. Failure to provide accurate, consistent, and/or proper instructions to passengers like Plaintiff on how to use the zip lining activity so as to avoid and/or prevent injury to passengers including Plaintiff; and/or

p. Failure to provide accurate, consistent, and/or proper instructions to passengers like Plaintiff on how to safely reach the subject landing platform area(s) so as to avoid and/or prevent injury to passengers including Plaintiff; and/or

q.  Failure to provide reasonably safe landing surfaces for passengers as they reach the subject landing platform area(s) for passengers including Plaintiff; and/or

r.  Failure to promulgate and/or enforce adequate policies and procedures to conduct adequate and regular inspections of the subject landing platform area(s) by the Defendant and to keep adequate records of those inspections; and/or

s.  Failure to promulgate and/or enforce adequate policies and procedures to conduct adequate and regular maintenance of the subject landing platform area(s) by the Defendant and to keep adequate records of that maintenance; and/or

t.  Failure to promulgate and enforce adequate policies and procedures to prevent passengers including Plaintiff from landing on or near unsafe, unmarked, and unprotected block(s); and/or

u.  Failure to implement and utilize adequate color schemes for blocks, objects, devices and/or other items to prevent passengers including Plaintiff from landing on or near unsafe objects and/or area(s) unreasonably safe for landing; and/or

v.  Failure to adequately implement, utilize, or place warning signs regarding objects, devices and/or other items found on or near the subject landing area(s) so as to avoid and/or prevent injury to passengers including Plaintiff; and/or

w.  Failure to adequately implement, utilize, or place visual aids regarding adequate landing methods and/or techniques for passengers like Plaintiff so as to avoid and/or prevent injury to passengers including Plaintiff; and/or

x.  Failure to adequately demonstrate and/or illustrate adequate body movements and/or landing methods and/or techniques for passengers like Plaintiff so as to avoid and/or prevent injury to passengers, including Plaintiff; and/or

y.  Failure to adequately secure harness and/or safety equipment on passengers like Plaintiff so as to avoid and/or prevent injury to passengers like Plaintiff; and/or

z.  Failure to select and/or utilize reasonably safe materials to identify the subject block(s) for Plaintiff in light of the anticipated use of same by passengers and the anticipated sway of the vessel; and/or

aa. Failure to implement and/or utilize safety mechanisms to reduce the speed of zip line rides for passengers, including Plaintiff, so as to avoid and/or prevent injury to Plaintiff and/or

bb. Failure to implement and/or adequately utilize a brake block system to reduce the speed of zip line rides for passengers, including Plaintiff, so as to avoid and/or prevent injury to Plaintiff and/or

cc. Failure to select and/or utilize reasonably safe mechanisms to reduce the speed of zip line rides for Plaintiff in light of the anticipated sway of the vessel; and/or

dd. Failure to select and/or utilize reasonably safe mechanisms to reduce the speed of zip line rides for Plaintiff in light of the anticipated varying weather and wind conditions.

ee. Failure to identify Plaintiff's physical injuries during the conclusion of the subject zip line ride.

33. The above acts and/or omissions caused and/or contributed to the Plaintiff being injured because Plaintiff's incident would not have occurred but for such acts and/or omissions. Additionally, but for such acts and/or omissions Plaintiff would not have suffered injuries to his body including, but not limited to, his right shoulder as a result of his fall in the Opal Theatre on or about October 3, 2018 which exasperated the injuries to his right leg.

34. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of its zip line attraction and the subject landing platform area and/or through prior incidents involving passengers injured due unsafe and unpadded landing area on Defendant's vessels and/or other vessels reported within the cruise industry. *See, e.g., Omasta v. Royal Caribbean Cruises, Ltd.*, Case No. 12-CV-21375-ZLOCH (S.D.F.L. 2012); *Trocchia v. Royal Caribbean Cruises, Ltd.*, Case No. 11-CV-21641-HUCK (S.D.F.L. 2011); *Hyman v. Royal Caribbean Cruises, Ltd.*, Case No. 12-CV-21560-UNGARO (S.D.F.L. 2012); and *Bennet v. Royal Caribbean Cruises, Ltd.*, Case No. 12-CV-20606-SEITZ (S.D.F.L. 2012), for zip line incidents occurring on the subject vessel, *Oasis of the Seas*.

35. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life,

disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and lost earning capacity since Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

WHEREFORE, the Plaintiff, HAROLD L. SCHWARTZ, demands judgment against Defendant RCCL for damages, as well as post-judgment interest to the extent allowed by law, attorneys' fees and costs as may be allowed by law, and requests an advisory jury under Federal Rule of Civil Procedure 39, as well as any further relief as this Court deems just and appropriate.

**COUNT IV – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT (SECOND INCIDENT ON OCTOBER 3, 2018)**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

36. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

37. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

38. On or about October 3, 2018, the Plaintiff was descending stairs in the Opal Theater aboard the ship.

39. On or about October 3, 2018, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

    a. Failure to warn passengers and the Plaintiff of the dangerous condition; and/or

    b. Failure to warn passengers and the Plaintiff of the inadequate hand rails; and/or

    c. Failure to adequately warn passengers and the Plaintiff of the change in elevation with adequate lighting; and/or

    d. Failure to warn passengers and the Plaintiff of the dangers of utilizing the stairs in the Opal Theater; and/or

    e. Failure to warn passengers and the Plaintiff of the Defendants failure to comply with applicable standards such as ASTM F1166.

40. The above acts and/or omissions caused and/or contributed to the Plaintiff being injured because Plaintiff would not have utilized the stairs in the Opal Theater aboard the vessel had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.  Additionally, but for such acts and/or omissions Plaintiff would not have suffered injuries to his body including, but not limited to, his right shoulder as a result of his fall in the Opal Theatre on or about October 3, 2018 which exasperated the injuries to his right leg.

41. At all times material hereto, the subject steps were not adequately or safely identified in light of the expectation that the subject steps lacked adequate handrails and lighting, was unsafe; and was unreasonably dangerous.

42. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.  This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the subject steps on Defendant's vessels and/or other vessels reported within the cruise industry.

43. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and lost earning capacity since Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

WHEREFORE, the Plaintiff, HAROLD L. SCHWARTZ, demands judgment against Defendant RCCL for damages, as well as post-judgment interest to the extent allowed by law, attorneys' fees and costs as may be allowed by law, and requests an advisory jury under Federal Rule of Civil Procedure 39, as well as any further relief as this Court deems just and appropriate.

### COUNT V – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT
### (SECOND INCIDENT ON OCTOBER 3, 2018)

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

44. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

45. At all times material hereto, it was the duty of Defendant to maintain the steps in the Opal Theater on the vessel in a reasonably safe condition.

46. On or about October 3, 2018, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

    a. Failure to maintain the steps in the Opal Theater in a reasonably safe condition; and/or

    b. Failure to maintain adequate handrails in the Opal Theater; and/or

    c. Failure to maintain adequate lighting of the changes of elevation in the Opal Theater; and/or

    d. Failure to maintain the steps and handrails in the Opal Theater in compliance with applicable standards, such as ASTM F1166; and/or

    e. Failure to adequately and regularly inspect the subject steps in the Opal Theater to determine whether they were unsafe for passengers; and/or

47. The above acts and/or omissions caused and/or contributed to the Plaintiff being injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject steps in the Opal Theater. Additionally, but for such acts and/or omissions Plaintiff would not have suffered injuries to his body including, but not limited to, his right shoulder as a result of his fall in the Opal Theatre on or about October 3, 2018 which exasperated the injuries to his right leg.

48. At all times material hereto, the subject steps in the Opal Theater were not adequately inspected or maintained, and were unreasonably dangerous.

49. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the subject steps and/or through prior incidents involving passengers injured due to the unsafe steps on Defendant's vessels and/or other vessels reported within the cruise industry.

50. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life,

disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and lost earning capacity since Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

WHEREFORE, the Plaintiff, HAROLD L. SCHWARTZ, demands judgment against Defendant RCCL for damages, as well as post-judgment interest to the extent allowed by law, attorneys' fees and costs as may be allowed by law, and requests an advisory jury under Federal Rule of Civil Procedure 39, as well as any further relief as this Court deems just and appropriate.

### COUNT VI – GENERAL NEGLIGENCE AGAINST DEFENDANT (SECOND INCIDENT ON OCTOBER 3, 2018)

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

51. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

52. On or about October 3, 2018, Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

   a. Failure to construct reasonably safe steps in the Opal Theater; and/or

   b. Failure to construct adequate handrails in the Opal Theater, and/or;

   c. Failure to implement adequate lighting on the steps in the Opal Theater, and/or

  d. Failure to construct and/or design the steps in the Opal Theater to comply with applicable standards such as ASTM F11665, and/or

  e. Failure to construct and/or design the handrails in the Opal Theater to comply with applicable standards such as ASTM F11665, and/or

  f. Failure to provide adequate assistance to the Plaintiff in descending the stairs in the Opal Theater; and/or

  g. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the Plaintiff would be provided adequate assistance in descending the stairs in the Opal Theater.

53. The above acts and/or omissions caused and/or contributed to the Plaintiff being injured because Plaintiff's incident would not have occurred but for such acts and/or omissions. Additionally, but for such acts and/or omissions Plaintiff would not have suffered injuries to his body including, but not limited to, his right shoulder as a result of his fall in the Opal Theatre on or about October 3, 2018 which exasperated the injuries to his right leg.

54. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the subject steps and/or through prior incidents involving passengers injured due to the subject steps on Defendant's vessels and/or other vessels reported within the cruise industry.

55. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and lost earning capacity since Plaintiff's working ability has been impaired. The injuries are

permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

WHEREFORE, the Plaintiff, HAROLD L. SCHWARTZ, demands judgment against Defendant RCCL for damages, as well as post-judgment interest to the extent allowed by law, attorneys' fees and costs as may be allowed by law, and requests an advisory jury under Federal Rule of Civil Procedure 39, as well as any further relief as this Court deems just and appropriate.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Stefanie A. Black*
**JASON R. MARGULIES**
Florida Bar No. 57916
jmargulies@lipcon.com
**STEFANIE A. BLACK**
Florida Bar No. 111903
sblack@lipcon.com